IN THE CIRCUIT COURT MILLER COUNTY, ARKANSAS FILED
_CV-2_ DIVISION

2014 APR 21 P 3: 16

SAMANTHA BRADLEY                                    PLAINTIFF

MARY PANKEY, CIRCUIT CLERK
BY_____DEPUTY

VS.                         NO. 46CV-14-94-2

MARK J. CUNICH, PERFORMANCE              DEFENDANT
CONTRACTING GROUP, AND
PERFORMANCE CONTRACTING,
INC., AND SIM Z. MAGANA, JR.

## COMPLAINT

COMES NOW the Plaintiff, Samantha Bradley, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, Mark Cunich, Performance Contracting Group, and Performance Contracting, Inc., state and allege the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff, Samantha Bradley, was at all times relevant a resident of Hope, Hempstead County, Arkansas.

2.      Defendant, Mark Cunich, was at all times relevant a resident of Dubois, Pennsylvania.

3.      Defendant Performance Contracting, Inc. is registered to do business in the State of Arkansas. National Registered Agents, Inc. of Arkansas is the registered agent for Performance Contracting, Inc. and is located at 124 West Capitol, Suite 1900, Little Rock, Arkansas 72201. registered agent for service of process for Performance Contracting, Inc.

4.      Defendant Performance Contracting Group is the parent company of Performance Contracting, Inc. Defendant Performance Contracting Group is authorized to do and is doing business in Arkansas. Performance Contracting Group is located at 16400 College Boulevard, Lenexa, Kansas 66219.

5.      Defendant Zim Z. Magana, Jr., was a all times relevant a resident of Waxahachie, Texas.

6.      The incident giving rise to this cause of action occurred at or near mile marker 5 on Interstate 30 in Texarkana, Miller County, Arkansas.


EXHIBIT
A

## II. JURISDICTION AND VENUE

7.     This Court has jurisdiction pursuant to Ark. Const. Art. 7 § 11, which provides that circuit courts shall have jurisdiction in all civil cases; and pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.     Venue is proper pursuant to Ark. Code Ann. § 16-60-112(a), which provides that all actions for damages for personal injury may be brought in the county where the accident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

9.     This is a negligence case which arises from a motor vehicle collision that occurred on July 28, 2012 at or near Mile Marker 5 on Interstate Highway 30 in Texarkana, Miller County, Arkansas.

## IV. FACTS

10.     At all times relevant hereto, Defendant Mark Cunich was either employed by or was acting as an agent of Defendant Performance Contracting, Inc.

11.     At all times relevant hereto, Defendant Mark Cunich was acting within the course and scope of his employment and/or agency with Defendant Performance Contracting, Inc.

12.     On or about July 28, 2012, at approximately 2:36 AM., Plaintiff Samantha Bradley was driving eastbound on Interstate Highway 30 in a white 1995 Chevrolet Caprice.

13.     At the same time, Defendant Mark Cunich was driving westbound on Interstate Highway 30 in a silver 2012 Toyota Corolla originally rented by Defendant Performance Contracting Group.

14.     Defendant Mark Cunich struck a vehicle driven by Defendant Zim Z. Magana, Jr. from behind, causing Defendant Magana's vehicle to lose control, enter the eastbound lane, and strike the front of Plaintiff's vehicle.

2

15.    As a result of the collision, Plaintiff sustained personal injuries and damages.

16.    Upon information and belief, Defendant Mark Cunich was found to be under the influence of alcohol at the scene of the collision.

17.    Upon information and belief, Defendant Mark Cunich was transported to the Texarkana Jail for driving under the influence of alcohol.

18.    Upon information and belief, Defendant Mark Cunich  gave a breath sample that tested at .15 percent blood alcohol content.

19.    Upon information and belief, a driver with a blood alcohol content of .08 or higher is guilty of driving while intoxicated pursuant to the laws of the State of Arkansas.

## V.  CAUSE OF ACTION - NEGLIGENCE

20.    All of the allegations previously pleaded herein are re-alleged as though stated word-for-word.

21.    Defendant Mark Cunich was negligent in the following particulars:

(a)    Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)    Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)    Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)    Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)    Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

3

(i)     Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)     Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)     Acting in a manner where Defendant knew or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally and probably result in injury or damage and that he continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred; Ark. Code Ann. § 16-55-206(1);

(l)     Otherwise failing to exercise ordinary care under the circumstances.

22.     Defendant Cunich recklessly caused serious physical injury to Plaintiff, while operating a motor vehicle while intoxicated in violation of Arkansas Code Annotated §5-13-202, which is a Class D felony.

### Vicarious Liability of Performance Contracting, Inc.

23.     Defendant Performance Contracting, Inc. is responsible and liable for the negligence of its employee and/or agent, Defendant Cunich, under the legal doctrines of joint enterprise, *respondent superior,* and/or the principles of agency as adopted in the State of Arkansas.

24.     Upon information and belief, at the time of the collision, Defendant Cunich was acting within the course and scope of his employment or agency with Defendant Performance Contracting, Inc.

25.     The negligence of Defendant Cunich is imputed to Defendant Performance Contracting, Inc. as a matter of law.

26.     Defendant Defendant Zim Z. Magana, Jr. was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Driving at a speed greater than was reasonable and prudent under the conditions

4

and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)    Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)    Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i)    Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)    Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)    Otherwise failing to exercise ordinary care under the circumstances.

## VI.  PROXIMATE CAUSATION

27.    All of the allegations previously pleaded herein are re-alleged as though stated word-for-word.

28.    The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VII.  INJURIES, COMPENSATORY AND PUNITIVE DAMAGES

29.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30.    Plaintiff sustained personal injuries as a result of the collision.

31.    Plaintiff is entitled to the following damages:

(a)    the nature, extent, duration, and permanency of her injuries;

(b)    the full extent of the injuries she sustained;

    (c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)    the value of any earnings, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

    (f)    the visible results of her injuries;

    (g)    any property damages she sustained;

32.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VII. PUNITIVE DAMAGES

33.    In addition to compensatory damages for the losses Plaintiff suffered, Plaintiff is entitled to punitive damages because Defendant Cunich knew or should have known in light of the surrounding circumstances, his intoxication and being under the influence of alcohol at the time of the collision, that his conduct would naturally and probably result in injury and damages to others and he continued such conduct in reckless disregard of the consequences from which malice may be inferred.

## VIII. DAMAGES FOR VICTIM OF A FELONY .

34.    Plaintiff seeks damages of costs and attorney's fees as authorized by Arkansas Code Annotated § 16-118-107, which allows for recovery when a person has been the victim of actions that constitute a felony.

35.    Defendant Cunich's actions constitute a felony under Arkansas Code Annotated § 5-13-202(3).

36.    Defendant Cunich recklessly caused serious physical injury to Plaintiff while he was operating a motor vehicle at a time when he was intoxicated as evinced by his blood alcohol concentration of eight-hundredths (0.08) or more.

6

## IX.  DEMAND FOR JURY TRIAL

37.     Plaintiff hereby demands a trial by jury.

## X.  DEMAND & PRAYER

38.     The Plaintiff demands judgment against the Defendant for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.  The Plaintiff also demands judgment against the Defendants for punitive damages in an amount set by the jury.

39.     The Plaintiff demands judgment against the Defendant for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; compensatory and punitive damages; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Rob Beard, ABN 2002109
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:     (501) 868-2500
Telefax:        (501) 868-2508

7